GREGORY B. KOLTUN (BAR NO. 130454)
GKoltun@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff
SABINE ALTENA as Foreign Representative for
ENNIA CARIBE HOLDING N.V., ENNIA CARIBE
LEVEN N.V., ENNIA CARIBE SCHADE N.V.,
ENNIA CARIBE ZORG N.V., and EC
INVESTMENTS B.V.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SABINE ALTENA as Foreign Representative for ENNIA CARIBE HOLDING N.V., ENNIA CARIBE LEVEN N.V., ENNIA CARIBE SCHADE N.V., ENNIA CARIBE ZORG N.V., and EC INVESTMENTS B.V., <br><br> Plaintiff, <br><br> v. <br><br> NINA ANSARY, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR ENFORCEMENT OF FOREIGN-COUNTRY MONEY JUDGMENT** <br><br> Cal. Code Civ. Proc. §§ 1713 *et seq.* |

Plaintiff Sabine Altena as Foreign Representative for ENNIA Caribe Holding N.V., ENNIA Caribe Leven N.V., ENNIA Caribe Schade N.V., ENNIA Caribe Zorg N.V., and EC Investments B.V. (collectively, "ENNIA"), by and through her undersigned attorneys, brings this Complaint pursuant to California Code of Civil Procedure § 1713, the Uniform Foreign-Country Money Judgments Recognition Act, to recognize and enforce a final, conclusive, and enforceable judgment issued

by the Court of the First Instance of Curaçao (the "Curaçao Court"). This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

On November 29, 2021, the Curaçao Court awarded Plaintiff a judgment finding Defendant Nina Ansary ("Defendant") jointly and severally liable for $945,457,270 NAf, which is $528,214,685.80 USD as of November 29, 2021, plus statutory interest and the costs of the proceedings incurred by ENNIA. The Curaçao Court's judgment satisfies the Uniform Foreign-Country Money Judgments Recognition Act and is enforceable in the same manner as a judgment of a sister state that is entitled to full faith and credit.

## PARTIES

1. ENNIA Caribe Holding N.V. ("ECH") is a Curaçaoan naamloze venootschap with its principal place of business in Curaçao.

2. ENNIA Caribe Leven N.V. ("ECL") is a Curaçaoan naamloze venootschap with its principal place of business in Curaçao.

3. ENNIA Caribe Schade N.V. ("ECS") is a Curaçaoan naamloze venootschap with its principal place of business in Curaçao.

4. ENNIA Caribe Zorg N.V. ("ECZ") is a Curaçaoan naamloze venootschap with its principal place of business in Curaçao.

5. EC Investments B.V. ("ECI") is a Curaçaoan besloten venootschap with its principal place of business in Curaçao.

6. ENNIA operates the largest insurance company in Curaçao and St. Maarten. As relevant here, the Central Bank of Curaçao and Sint Maarten (the "CBCS"), responsible for regulating Curaçao insurance companies, appointed the Foreign Representative in the related chapter 15 proceeding involving ENNIA.

7. Sabine Altena is an individual domiciled in Curaçao. Altena is the duly appointed Foreign Representative, with authority to bring suit in the United States on behalf of ENNIA under the terms of the Recognition Order issued by the U.S. Bankruptcy Court for the Southern District of New York on December 20,

2018, *see* **Exhibit A**, and the supplemental order substituting Altena as the Foreign Representative issued on August 22, 2019.  See **Exhibit B**.

8. Nina Ansary is an individual domiciled in Los Angeles County, California and is a citizen of the State of California.  Defendant is a named defendant in the underlying foreign judgment.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2). ENNIA comprises legal entities that are incorporated in and have their principal places of business in Curaçao such that they are Curaçaoan citizens.  Altena is a Dutch citizen domiciled in Curaçao.  Defendant is a citizen of the United States and of the State of California.  The amount in controversy exceeds the statutory minimum, exclusive of interest and costs.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant is a resident of the state in which this District is located.

## INTRODUCTION

11. This action represents the culmination of Plaintiff's attempts to recover money owed and unpaid by Defendant pursuant to a decision and judgment issued by the Court of First Instance of Curaçao (the "Curaçao Court") on November 29, 2021 (the "Judgment").

12. The Judgment fully satisfies and complies with California Code of Civil Procedure § 1713, the Uniform Foreign-Country Money Judgments Recognition Act (the "Act"), because:

- Curaçao provides impartial tribunals, and Curaçao's procedural and substantive law is based on Dutch law and the Netherlands' legal system.
- Curaçao's procedures are compatible with the requirements of due process in California and the United States.

- In this case, the Curaçao Court fully complied with Curaçao's procedural and substantive law, and carefully evaluated the facts and law after a full trial on the merits before issuing its judgment.
- Defendant was served with process, appeared in the Curaçao action, and presented a full defense during trial.
- The Curaçao Court issued an 88-page decision rendering judgment against Defendant, in which the court discussed in detail the relevant evidence, law, liability, and damages. *See* **Exhibit C**.

## FACTS GIVING RISE TO RELIEF

13. As noted in the decision by the Court of the First Instance of Curaçao, the facts giving rise to the Judgment harken back to May 2005, when ENNIA was acquired by Parman International B.V. ("Parman"). Hushang Ansary, a businessman residing in the United States, is the ultimate holder of all or a significant majority of Parman's equity interest. The acquisition was completed in January 2006.

14. As explained in further detail in the Judgment, which Plaintiff refers to and fully incorporates by reference herein, ENNIA's corporate structure and investment policy substantially deteriorated after the takeover by Ansary. In short, the special duty of care owed by directors and supervisory directors of an insurance company was seriously neglected, despite both critical observations from ENNIA's own employees and repeated warnings from the regulator, the CBCS.

15. More specifically, the named defendants in the underlying action, including Ansary and Defendant, effected and permitted withdrawals from ENNIA's assets for which there was no reasonable objective purpose. For example, ENNIA invested $743.94 million NAf (equivalent to approximately $413 million USD) in Stewart & Stevenson LLC, another entity in which Ansary was a major shareholder, thus personally benefiting Ansary and the other named defendants in the underlying action. There were also additional, excessive

expenditures for, among other things, donations, remuneration of supervisory directors, private jets, and payments to persons not working for ENNIA.

16. As a direct result of these failings, and the failure of the ENNIA entities to comply with the directions of the CBCS, the CBCS placed ECL, ECS, and ECZ under silent receivership on October 1, 2016, in order to closely monitor the developments at ENNIA to ensure that ENNIA actually implemented its instructions.

17. Throughout 2017 and 2018, contact between the CBCS and the ENNIA entities intensified, with the CBCS increasingly urging action. In mid-2018, the situation intensified further when it became clear that the ENNIA entities, still under the direction and control of Ansary, had no intention of following the CBCS's guidance.

18. In view of these circumstances, on July 3, 2018, the CBCS filed an order seeking application of the Emergency Regulations under Curaçao law. On July 4, 2018, the Curaçao Court placed ECL, ECS, ECZ, ECH, and ECI under Emergency Regulations as Debtors. On July 6, 2018, the Curaçao Court extended the Emergency Regulations to EC Holding, another ENNIA entity. Under the authority granted by the Curaçao Court, the CBCS assumed control of the operations of ENNIA.

19. On September 25, 2018, the CBCS appointed R.M. Hermans as the Foreign Representative of each of the ENNIA Debtors to commence chapter 15 cases. The Foreign Representative filed chapter 15 petitions with the U.S. Bankruptcy Court for the Southern District of New York on the same day. On December 20, 2018, the Bankruptcy Court recognized the Curaçao proceeding as a foreign main proceeding and recognized R.M. Hermans as the Foreign Representative.

20. On June 1, 2019, Hermans retired and the CBCS sought a replacement to serve as the Foreign Representative. On July 22, 2019, the CBCS appointed

Sabine Altena as the Foreign Representative in the chapter 15 cases, which was effectuated by the Bankruptcy Court's supplemental order on August 22, 2019. Altena continues to serve as the Foreign Representative.

21. On October 11, 2019, certain of the Debtors in the chapter 15 proceedings (namely, ECH, ECL, ECS, ECZ, and ECI) commenced proceedings in the Court of First Instance of Curaçao, naming as defendants Hushang Ansary, Nina Ansary, Abdallah Andraous, Ralph Palm, Gijsbert Van Doorn, and Parman International, B.V.  Among other things, the claimants alleged that the named defendants failed to discharge their legal duties in the management of ENNIA. Specifically, the claimants alleged that significant funds flowed out of ENNIA, and that ENNIA was denied the benefit of certain transactions to which it was a party. On December 17, 2019, the Foreign Representative was informed that the Court of First Instance of Curaçao commenced the process of serving summonses upon the named defendants in the proceeding.

22. The named defendants filed a statement of defense on September 28, 2020, which contained a request for documents in the interim proceedings.  A hearing in the interim proceedings regarding the disclosure of documents, in which Ansary and Defendant appeared, occurred on December 2, 2020.

23. On January 18, 2021, the Curaçao Court issued an interim judgment requiring the disclosure of documents requested by the named defendants, including Defendant here.  As relevant here, the court also noted that "[i]t is not disputed between the parties that the law of Curaçao is applicable to the claims instituted and that the Court has jurisdiction to hear the case."

24. Ansary and Defendant continued to actively participate, through counsel, in the Curaçao proceeding, filing a statement of rejoinder on May 31, 2021, submitting exhibits on October 11, 2021, and appearing for hearings on October 14, 2021 and October 15, 2021.

25.     On November 29, 2021, the Court of First Instance of Curaçao issued a judgment against the named defendants, determining that they neglected their "special duty of care [as] directors and supervisory directors" and were "liable to pay compensation to Ennia." *See* **Exhibit C** at 84.  The Curaçao Court found the named defendants jointly and severally liable for $1,007,434,964 NAf, which is $562,840,817.73 USD as of November 29, 2021.  As relevant here, Defendant was found jointly and severally liable for $945,457,270 NAf, equivalent to $528,214,685.80 USD as of November 29, 2021, plus statutory interest.  The court further instructed that the judgment be provisionally enforceable in accordance with Curaçao law.

26.     The Curaçao Court segregated the amount of liability into several categories, including with regard to investments in Stewart & Stevenson LLC ($743,940,000 NAf); capital withdrawals and dividend distributions ($188,975,969 NAf); and excessive expenditures unrelated to ENNIA's business, including donations ($20,791,970 NAf), costs of advisers ($6,136,250 NAf), salaries to persons who were not employed by ENNIA ($5,634,184 NAf), remunerations to members of the Supervisory Board ($14,234,309 NAf) and the private use of NetJets aircrafts ($27,722,282 NAf).

## CAUSE OF ACTION

## Recognition and Enforcement of Judgment

## (Cal. Code Civ. Proc. §§ 1713 *et seq.*)

27.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

28.     California has codified the Act at California Code of Civil Procedure § 1713.  Under the Act, foreign money judgments may be recognized and enforced in California in the same manner as judgments in sister states.

29. Curaçao is a "foreign country" as defined in California Code of Civil Procedure § 1714, and the underlying Curaçao judgment is a "foreign country judgment," as defined in California Code of Civil Procedure § 1714.

30. The Curaçao judgment was duly entered in Curaçao, is final, conclusive, and enforceable under the laws of Curacao, and is enforceable in California pursuant to the Act. There is no appeal pending and "[t]he judgment [was] declared provisionally enforceable." *See* **Exhibit C** at 86.

31. Curaçao's judicial system embraces impartial tribunals and proceedings, which are conducted in a manner consistent with the constitutional notions of fairness, notice, and due process upheld in the United States.

32. Defendant was subject to personal jurisdiction in the Court of First Instance of Curaçao, which also held subject matter jurisdiction over the proceedings that resulted in the judgment against Defendant. Defendant appeared in person and through counsel.

33. The Curaçao judgment awards a recovery of a sum of money, but is not a judgment for taxes, a fine, or other penalty.

34. None of the discretionary grounds for denying recognition to a foreign judgment enumerated in California Code of Civil Procedure § 1716 are applicable to the Curaçao judgment.

35. In an action brought to enforce a foreign judgment under the Act, the prevailing party may recover attorneys' fees and costs even where a foreign rule forms the basis for the award. Here, the judgment against Defendant includes a costs award, and Plaintiff is therefore entitled to, and does seek, its fees and costs incurred.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an Order of this Court recognizing and enforcing the judgment of the Court of First Instance of Curaçao against Defendant as set forth herein;

    2.     For an Order awarding Plaintiff and against Defendant, in the U.S. dollar equivalent of $945,457,270 NAf, which is $528,214,685.80 as of November 29, 2021, plus interest, fees, and costs;

    3.     For Plaintiff's attorneys' fees and costs incurred herein; and

    4.     For such other and further relief as this Court deems just and proper.

Dated:   December 30, 2021         **MORRISON & FOERSTER LLP**

                                   By:   /s/ Gregory B. Koltun
                                         Gregory B. Koltun

                                   James I. McClammy (pro hac vice forthcoming)
                                   New York Bar 2945145
                                   Timothy Graulich (pro hac vice forthcoming)
                                   New York Bar 2661445
                                   Aryeh Ethan Falk (pro hac vice forthcoming)
                                   New York Bar 5111919
                                   **DAVIS POLK & WARDWELL LLP**
                                   450 Lexington Avenue
                                   New York, New York 10017
                                   Tel: (212) 450-4000
                                   james.mcclammy@davispolk.com
                                   timothy.graulich@davispolk.com
                                   aryeh.falk@davispolk.com

                                   *Attorneys for Plaintiff Sabine Altena as Foreign Representative for ENNIA Caribe Holding N.V., ENNIA Caribe Leven N.V., ENNIA Caribe Schade N.V., ENNIA Caribe Zorg N.V., and EC Investments B.V.*